IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL SHEFFIELD, | : | |
| Petitioner | : | |
| v. | : | Civil Action No. PJM-09-3084 |
| STATE OF DISTRICT OF COLUMBIA | : | |
| Respondent | : | |

o0o

**<u>MEMORANDUM OPINION</u>**

The Court is in receipt of Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is currently housed at the Western Correctional Institution in Cumberland, Maryland serving a Maryland sentence of life plus fifty years. . He complains that a detainer from the District of Columbia has been lodged against him and is impeding his ability to "progress[] further through the system and hampers opportunities for eventual release." Paper No. 1. Petitioner states he filed a motions for disposition and for speedy trial in the District of Columbia, but no action has been take. *Id*.

Under the Interstate Agreement on Detainers Act ("IADA"), when a detainer is lodged against a prisoner he/she may make a formal request for disposition of the charges, and if not brought to trial within a specified time **after** the filing of the request for disposition, the charges may be dismissed by the court in which they are pending. 18 App. U.S.C.A.

A petitioner seeking relief under §2241 must first exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). In cases involving detainers for untried criminal charges this means, at a minimum, a) making a formal request for

disposition under either the IADA or Intrastate Detainer Act; 2) if not brought to trial within the specified time, filing a motion to dismiss in the state court proceedings; and 3) if an appeal is allowed by state law of the ruling on the motion to dismiss, appealing that decision to the highest state court with jurisdiction to hear the appeal.  Clearly, Petitioner has not exhausted his state court remedies.  Accordingly, the instant Petition must be dismissed without prejudice.  *Dunlap v. 230 District Court*, 701 F. Supp. 752 (D. Nev. 1988) (petitioner seeking dismissal of charges for violation of Interstate Agreement on Detainers must first exhaust state court remedies); *Brown v. Keohane*, 475 F. Supp. 943 (E.D. Va 1979). Accordingly, the petition shall be dismissed without prejudice.

March 2, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE